IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| TRACY GUTIERREZ,<br>Plaintiff,<br>v.<br>VOCA OF INDIANA, LLC,<br>Defendant. | ) | Case No. 1:26-cv-00284-HAB-ALT |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendant VOCA of Indiana, LLC., for its Answer and Affirmative Defenses to the Amended Complaint filed by Plaintiff Tracy Gutierrez ("Gutierrez" or "Plaintiff"), states:

1. The Plaintiff is Tracy Gutierrez, a qualified disabled employee of Defendant who at all times material to this Complaint performed within her employer's reasonable expectations. Complainant alleges she was discriminated against on the basis of her disability and retaliated against for suffering a medical emergency related to her disability in violation of her rights pursuant to Americans With Disabilities Act, 42 U.S.C. § 12101 et seq ("ADA"). Further, Respondent failed to engage in the interactive process to explore reasonable accommodations that could have been made, and instead, summarily terminated Complainant.

**ANSWER:** Defendant denies the allegations contained in paragraph 1 of the Amended Complaint.

2. The Defendant is VOCA of Indiana, LLC, a company doing business at 4410 Executive Blvd., Fort Wayne, IN 46808. Respondent is an "employer" for the purposes of the ADA. The Defendant's Registered Agent is Corporation Service Company, located at 135 N. Pennsylvania Street, Suite 1610, Indianapolis, IN 46204.

**ANSWER:** Defendant admits the allegations in paragraph 2 of the Amended Complaint.

3. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") 470-2026-02311 on or about February 11, 2026, a copy of which is attached hereto, incorporated herein, and made a part hereof as "Ex. 1." The EEOC issued its Notice of Right to Sue on February 25, 2026, a copy of which is attached hereto and incorporated herein as "Ex. 2." All jurisdiction prerequisites have been met and all administrative remedies have been exhausted for the filing of this Complaint.

**ANSWER:** Defendant admits it is in possession of a Charge of Discrimination bearing EEOC Charge No. 470-2026-02311, which appears to have been signed by Plaintiff on February 11, 2026. Defendant further admits it is in possession of a Dismissal and Notice of Rights with a date of February 25, 2026, bearing the same Charge number. Defendant is without sufficient knowledge or information to respond to the remaining allegations in paragraph 3 and therefore denies the same.

4. Plaintiff worked for Defendant from on or about November 14, 2024, until her wrongful termination on or about August 13, 2025. At the time of termination, Complainant worked as a Direct Service Provider.

**ANSWER:** Defendant admits it employed Plaintiff as a Direct Support Professional from November 14, 2024 until August 13, 2025. Defendant denies the remaining allegations in paragraph 4 of the Amended Complaint.

5. Plaintiff notified Defendant of her disability at the time she was hired. Plaintiff takes multiple medications related to her disability.

**ANSWER:** Defendant denies that Plaintiff notified it of her alleged disability at the time she was hired. Defendant is without sufficient knowledge or information to respond to the remaining allegations in paragraph 5 and therefore denies the same.

6. On or about August 6, 2025, Plaintiff suffered an adverse reaction to her medication while in the home of a client for whom she was providing care. Plaintiff notified her supervisor that she did not feel well and that something was wrong, so another employee was sent to check on her.

**ANSWER:** Defendant admits that on August 6, 2025, a recreational therapist notified Plaintiff's supervisor that Plaintiff was falling in and out of sleep while on the job. In response, Plaintiff's supervisor was dispatched to the home. Defendant denies Plaintiff's allegation that she notified her supervisor that she did not feel well or that something was wrong. Defendant is without sufficient knowledge or information to respond to the remaining allegations in paragraph 6 and therefore denies the same.

7. Plaintiff then became overwhelmingly tired and dizzy, went to the garage of the home, and fell unconscious in a seated position against the wall.

**ANSWER:** Defendant admits a supervisor found Plaintiff asleep in a seated position in the garage of the home. Defendant is without sufficient knowledge or information to respond to the remaining allegations in paragraph 7 and therefore denies the same.

8. When the other employee found her, Plaintiff was difficult to arouse, was confused and saying things that did not make sense, and yet no one called for an ambulance to assist Plaintiff.

**ANSWER:** Defendant admits that Plaintiff was initially difficult to arouse but that once she awoke, she asked for a ride home, which she received. In light of Plaintiff's request, an ambulance was not called. Defendant is without sufficient knowledge or information to respond to the allegations in paragraph 8 and therefore denies the same.

9. Instead, the other employee drove Complainant to her home and dropped her off.

**ANSWER:** Defendant admits the allegations in paragraph 9 of the Amended Complaint.

10. Plaintiff then followed up with a medical provider the following day and obtained information regarding the medications she takes and their potential side effects. Plaintiff believed that she may have took the wrong medication the previous morning, but her symptoms still had not resolved.

**ANSWER:** Defendant is without sufficient knowledge or information to respond to the allegations in paragraph 10 and therefore denies the same.

11. Plaintiff provided the doctor's report to Defendant. Defendant placed Plaintiff on suspension.

**ANSWER**: Defendant admits Plaintiff's employment was suspended while Defendant investigated the August 6 incident. Defendant is without sufficient knowledge or information to respond to the remaining allegations in paragraph 11 and therefore denies the same.

12. On August 9, 2025, Plaintiff went to the emergency room as she was still experiencing symptoms such as dizziness, excessive tiredness, and confusion. Plaintiff provided the medical documentation to Defendant following this visit.

**ANSWER**: Defendant is without sufficient knowledge or information to respond to the allegations in paragraph 12 and therefore denies the same.

13. On August 13, 2025, Plaintiff was contacted via telephone by Defendant and terminated for allegedly "sleeping during work hours," which was a knowingly gross mischaracterization of the medical emergency Plaintiff had suffered.

**ANSWER**: Defendant admits that on August 13, 2025 it notified Plaintiff of its decision to separate Plaintiff's employment for violating Company policy by sleeping during work hours. Defendant denies the remaining allegations in paragraph 13 of the Amended Complaint.

14. Plaintiff alleges that the proffered reason for her termination was false and pretextual, and in reality, she was terminated on the basis of her disability. Defendant made no attempt to engage in the interactive process or seek additional information about Plaintiff's health status.

**ANSWER:** Defendant denies the allegations in paragraph 14 of the Amended Complaint.

15. As a result of the discriminatory termination, Plaintiff suffered the loss of her job and job-related benefits, including income, and was subjected to emotional distress, humiliation, embarrassment, inconvenience, and other damages and injuries. Plaintiff seeks compensatory damages, including attorney fees and costs.

**ANSWER:** Defendant denies the allegations in paragraph 15 of the Complaint and denies that Plaintiff is entitled to any relief from Defendant as requested or otherwise.

16. Furthermore, Defendant's discriminatory actions and failure to engage in the interactive process was intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights, warranting an imposition of punitive damages.

**ANSWER:** Defendant denies the allegations in paragraph 16 of the Amended Complaint and denies that Plaintiff is entitled to any relief from Defendant as requested or otherwise.

WHEREFORE, Plaintiff prays for judgment against the Defendant for compensatory damages, punitive damages, reasonable attorney fees and costs, and for all other just and proper relief.

**ANSWER:** Defendant denies that Plaintiff is entitled to any relief from Defendant as requested or otherwise.

**JURY DEMAND**

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

**ANSWER:** VOCA denies that Plaintiff is entitled to a trial by jury.

**AFFIRMATIVE AND OTHER DEFENSES**

Subject to a reasonable opportunity for further investigation, inquiry and discovery, VOCA alleges the following affirmative and other defenses:

1. Some of Plaintiff's claims are barred and should be dismissed, in whole or in part, because they fail to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to exhaust her administrative remedies for some or all of the matters stated in her Complaint.

3. To the extent Plaintiff's claims are based upon acts occurring more than 300 days before Plaintiff filed her Charge of Discrimination, such allegations are time-barred.

4. The claims asserted in the Amended Complaint are barred because any and all employment decisions made regarding Plaintiff were, at all times, motivated by legitimate, non-discriminatory and non-retaliatory lawful business reasons, and Defendant at no time acted in an unlawful manner in connection with any decision regarding Plaintiff or Plaintiff's employment.

5. Defendant avers that any award of liquidated damages to Plaintiff is this case would be in violation of the constitutional safeguards provided to Defendant under the U.S. Constitution.

6. Plaintiff's claims for punitive damages are barred because any action or inaction taken with respect to Plaintiff was taken in good faith and was not willful, intentional or done with reckless disregard for Plaintiff's rights, if any, under any federal statute.

7. Defendant had legitimate, non-discriminatory, business justification for all employment related actions it took regarding Plaintiff. Defendant states that all actions taken were at all times based on legitimate business factors, factors other than Plaintiff's rights conferred under the ADA.

8. Plaintiff is not a qualified individual with a disability under Section 101(8) of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111(8).

9. Plaintiff's continued employment in a client-facing caregiving role posed a direct threat to the health or safety of clients and/or Plaintiff herself that could not be eliminated by reasonable accommodation, given the loss of consciousness, confusion, and adverse medication reaction Plaintiff reported while on duty in a client's home.

10. Without admitting liability or that Plaintiff is a qualified individual with a disability under Section 101(8) of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111(8), Plaintiff is not entitled to recover compensatory or punitive

damages because any accommodation Plaintiff may claim was required would have imposed an undue hardship on Defendant's operations.

11. Without admitting liability or that Plaintiff is a qualified individual with a disability under Section 101(8) of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111(8), Plaintiff is not entitled to recover compensatory or punitive damages because no reasonable accommodation existed that would have enabled Plaintiff to safely perform the essential functions of her Direct Service Provider position.

12. Without admitting liability or that Plaintiff is a qualified individual with a disability under Section 101(8) of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111(8), Plaintiff is not entitled to recover compensatory or punitive damages because Defendant at all times demonstrated good faith efforts to identify and make a reasonable accommodation within the meaning of 42 U.S.C. § 1981a(a)(3).

13. Plaintiff's Complaint is barred, in whole or in part, by the applicable statute of limitations.

14. Plaintiff is and was under an affirmative obligation to mitigate her damages by seeking other employment, and to the extent she has failed to make reasonable efforts to do so, her damages should be barred or limited.

15. To the extent Plaintiff recovers any damages based on Plaintiff's claims, the existence of which Defendant specifically denies, Defendant is entitled to a set-off or credit for amounts Plaintiff earned or could have earned if she had mitigated her claimed damages.

16. Plaintiff is not entitled to any award for lost back wages for any period during which she was unable to work.

Defendant reserves the right to assert defenses not presently known but which become apparent during the course of discovery.

WHEREFORE, Defendant, VOCA of Indiana, LLC. requests that Plaintiff take nothing by way of her Amended Complaint, that the Court dismiss her Complaint with prejudice and award VOCA all appropriate relief, including an award of costs and attorneys' fees.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: */s/ Scott James Preston*
Scott James Preston, Atty. No. 25436-49
Cheyna H. Galloway, Atty. No. 36831-41
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204-1750
Telephone: (317) 916-1300
Facsimile: (317) 916-9076
*scott.preston@ogletree.com*
*cheyna.galloway@ogletree.com*

Attorneys for Defendant
VOCA of Indiana, LLC.

## CERTIFICATE OF SERVICE

I certify that on September 4, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system:

Jennifer L. Hitchcock
CLOSE & HITCHCOCK, LLC
*jennifer@closehitchcock.com*

*/s/Scott James Preston*

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204-1750
Telephone: (317) 916-1300
Facsimile: (317) 916-9076